United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Tamiko Blow, et al., Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 22-22587-Civ-Scola |
| | ) |
| Carnival Corporation, and others, Defendants. | ) |

## Order

This matter is before the Court on the motion to dismiss the Plaintiffs' complaint filed by Defendant Carnival Corporation ("Carnival"). (Mot. to Dismiss, ECF No. 17.) The Plaintiff filed a response to the motion (ECF No. 19), and the Defendant filed a reply memorandum in support of its motion (ECF No. 22). The Plaintiffs also filed a motion for leave to amend the complaint in the event the Court granted the motion to dismiss. (Mot. for Leave, ECF No. 20.) Carnival responded to the motion for leave to amend (ECF No. 23), and the Plaintiffs timely replied (ECF No. 25). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendant's motion to dismiss. (**ECF No. 17**.) Because the Court finds that the complaint constitutes a shotgun pleading, the Court also **grants** the Plaintiffs' motion for leave to amend. (**ECF No. 20**.)

Although Carnival argues that the complaint is a shotgun pleading because the complaint "improperly makes numerous allegations without sufficient factual support in the hopes that at least some will uphold" (Mot. at 5), the reason that the Court finds the complaint to be a shotgun pleading is somewhat different than the reason Carnival offers. The Plaintiffs do provide significant factual allegations in the complaint. The problem is not the lack of factual allegations—rather, the is Plaintiffs' habitual reliance on the ambiguous phrase "and/or" that renders the complaint unintelligible. (*See, e.g.,* Compl., ¶ 61, ECF No. 1) (containing sixteen uses of "and/or" in a single paragraph); (*see also id.* ¶ 89) (containing a list of ten separate potential breaches of duty the Plaintiffs allege make Carnival liable on a theory of negligence, all separated by the "and/or" construction).

While the "and/or" construction technically bears a literal meaning, its use causes grammatical and logical ambiguities to arise where none need exist.[1] The phrase is intended to mean "both or either." Its use causes complications, however, because the phrase is sometimes intended to mean "or," while other

---

[1] *See, e.g.*, Bryan A. Garner, Law Prose Lesson #209: Ban "and/or", Law Prose, https://lawprose.org/lawprose-lesson-209-ban-andor/.

times it is intended to mean "and."[2] This ambiguity is especially important and relevant in the context of a complaint, where parties are allowed to plead in the alternative under Federal Rule of Civil Procedure 8(d),[3] but also sometimes must assert multiple facts in conjunction, all of which may be required and necessary to support a pleaded claim for relief. Accordingly, the use of "and/or" creates a heightened sense of confusion where a party uses it repeatedly throughout a pleading. Does the party intend "and/or" to mean "and," or "or," or both, or sometimes whichever is more beneficial to the party's case? The Court should not have to guess. Pleading is meant to be simple: a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. of Civ. P. 8(a)(2). The use of "and/or" so habitually in the complaint here renders it anything but "plain." *Id.*; (*see generally* Compl.)

Accordingly, because of the Plaintiffs' constant use of "and/or" phrasing and therefore the inherently confused and disjointed nature of the complaint, the Court is not able to properly address either Carnival's arguments supporting dismissal or the Plaintiffs' responses. The Court is unable to determine which facts the Plaintiffs intend to support which claims for relief, which facts support claims in the alternative, and which facts must be read together in concert to support a particular claim. *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (holding that a complaint was a shotgun pleading where it was "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."). The complaint therefore must be dismissed as a shotgun pleading.

For the reasons stated above, the Court **grants** Carnival's motion and **dismisses** the Plaintiffs' complaint as a shotgun pleading. The Court also **grants** the Plaintiffs' motion for leave to amend. (**ECF No. 20**.) The Plaintiffs may file an amended complaint addressing the complaint's pleading deficiencies no later than **February 15, 2023**.

**Done and ordered** in Miami, Florida, on February 1, 2023.

Robert N. Scola, Jr.
United States District Judge

---

[2] *Id.*

[3] If a party truly intends to plead in the alternative, "either . . . or . . ." is the correct construction, because it makes the options listed exclusive of each other. *See, e.g.,* Either, Merriam-Webster, https://www.merriam-webster.com/dictionary/either (defining "either" as a conjunction "used as a function word before two or more coordinate words, phrases, or clauses joined usually by *or* to indicate that what immediately follows is the first of two or more alternatives").