United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Tamiko Blow, et al., Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 22-22587-Civ-Scola |
| | ) |
| Carnival Corporation, and others, | ) |
| Defendants. | ) |

## Order

    This matter is before the Court on the Plaintiffs' motion for leave the amend their complaint. (Mot., ECF No. 35.) The Defendants, Carnival Corporation ("Carnival") and Vallarta Adventures, S.A. de C.V. ("Vallarta," and collectively, the "Defendants") have responded in opposition. (Resp., ECF No. 39.) The Plaintiffs timely replied. (Reply, ECF No. 41.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the Plaintiffs' motion for leave to amend. (**ECF No. 35**.)

    Generally, courts are required to "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Based on the Rule, then, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). When the Court has entered a scheduling order, however, and the scheduling order sets a deadline for amendment to the pleadings, the standard for amendment of pleadings is supplanted by the Rules' standard to amend the scheduling order, which requires a showing of "good cause" and the "judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the good cause inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (cleaned up).

    The Plaintiffs, Tamiko and Randall Blow, seek leave to amend their complaint to assert a claim in rem under Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"). (Mot. at 2.) In essence, Rule B allows a plaintiff to attach property of an in personam defendant that is not located within this District to satisfy a maritime claim against that defendant. Fed. R. Civ. P. Supp. B(1)(a). The Plaintiffs seek leave to amend now, after the deadline to amend the pleadings, to bring a Rule B claim against the property of Defendant Vallarta. (Mot. at 2.) They do so because,

they claim, Defendant Vallarta's affidavit in support of its motion to dismiss for lack of personal jurisdiction demonstrates that Vallarta may not be found within this District. (*Id.*) The Plaintiffs assert that they could not have submitted their Rule B claim as part of a complaint before this affidavit was available, and they moved quickly after receiving it, so they should be found to have acted diligently. (Reply ¶ 8.)

The Defendants argue that the Plaintiffs were not diligent in seeking this amendment because they have known that Defendant Vallarta was not located in this District since at least the time of the filing of their original complaint in August of 2022. (Resp. at 4.) There (and in their subsequent amended complaint), the Plaintiffs have acknowledged that Vallarta "was incorporated in Mexico and maintained its principal place of business there." (*Id.* (citing Compl. ¶ 8, ECF No. 1).)

The Court finds that the Plaintiffs have not been diligent in seeking to bring their Rule B claim, so the inquiry must end there. *Sosa*, 133 F.3d at 1418-19 (affirming district court's denial of motion for leave to amend complaint where the plaintiff was not diligent and sought leave to amend after scheduling order deadline expired). The Plaintiffs misunderstand the requirements of Rule B, which are spelled out clearly in the Rule and the Southern District of Florida Local Rules. First, Rule B requires that a defendant be "not found within the district" for it to apply. Second, Southern District of Florida Local Rules define the phrase "not found within the district." S.D. Fla. L. Adm. R. B(1). Local Admiralty Rule B(1) expressly states that "[i]n an action in personam filed pursuant to Supplemental Rule B, a defendant shall be considered 'not found within the District' if the defendant cannot be served within the Southern District of Florida with the summons and complaint as provided by Federal Rule of Civil Procedure 4(e)(1) or (2), (g), or h(1)." (*Id.*) In other words, the Plaintiffs did not need Defendant Vallarta's jurisdictional affidavit to determine that Vallarta could not be found within this District. *Caribbean Yacht Works, Ltd. v. M/V "NEENAH Z"*, 410 F. Supp. 2d 1261, 1267 (S.D. Fla. 2005) (Huck, J.) (finding Rule B claim appropriate where plaintiff's attorneys "confirmed with the Florida Department of State that [the defendant] was not authorized to conduct business in the state and had not appointed an agent for service of process" and "found no officer, directors, or corporate officers of [the defendant] within the district").

It was clear from the beginning of this lawsuit that Defendant Vallarta could not be found within the Southern District of Florida. In the initial summons, issued August 15, 2022, service on Defendant Vallarta was to be made at the following address: "Av. Las Palmas #39 Nuevo Vallarta, Nayarit; ZC 63732, Mexico and/or Edificio Marina Golf Local 13-C, Calle Mástil, Marina Vallarta Puerto Vallarta, Jalisco; ZC 48354, Mexico." (Summons at 2, ECF No. 3.) The Plaintiffs did not need Defendant Vallarta's jurisdictional affidavit to determine

whether it could be found in this District under the local rules. *Caribbean Yacht Works*, 410 F. Supp. 2d at 1267. The Plaintiffs themselves sought to serve Defendant Vallarta outside this District. (Summons at 2.)

      The information required to support the Plaintiffs' Rule B claim has been available to them since the day they filed their original complaint. *Id.*; (Compl. ¶ 8). But the Plaintiffs did not include a Rule B claim in their original complaint. They also move for leave to amend the complaint to include their Rule B claim prior to the expiration of the deadline to amend the pleadings. Nor did they move to extend the deadline to amend the pleadings. And, finally, the Plaintiffs had a previous opportunity to amend their complaint and chose not to bring their Rule B claim at that time. (Order Granting Mot. to Dismiss, ECF No. 27; Am. Compl., ECF No. 30.) Therefore, the Plaintiffs have not acted diligently in addressing their Rule B claim, and the Court's inquiry ends there. *Sosa*, 133 F.3d at 1418-19.

      For the reasons stated above, the Court **denies** the Plaintiffs' motion. (**ECF No. 35**.) The Plaintiffs must respond to the Defendant's motion to dismiss the amended complaint no later than **April 14, 2023**, consistent with the terms of the Court's March 14, 2023, Order. (ECF No. 37.)

      **Done and ordered** in Miami, Florida, on April 6, 2023.

_____
Robert N. Scola, Jr.
United States District Judge